Banco Popular de Puerto Rico, Plaintiff and Appellee, *v.* Drug Co. of Porto Rico, Defendant and Appellee; and Juan F. Vías Ochoteco, Respondent and Appellant.

No. 6128. Argued May 16, 1933.—Decided June 2, 1933.

L. *Muñoz Morales* for appellant.    L. *Feliú* for appellee, Drug Co. of Porto Rico.

Mr. Justice Aldrey delivered the opinion of the Court.

By a deed executed in 1929, Mr. Juan F. Vías Ochoteco leased to Drug Co. of Porto Rico a house belonging to him, for offices, warehouse, and sublease, for a term of 5 years and a monthly rental of $460, which was later reduced to $400, according to the lessor. In January 1932, or two years prior to the termination of said contract, the Banco Popular of Puerto Rico brought an action of debt against Drug Co. of Porto Rico, attached its property, and the court appointed a receiver to administer the same. On February 2, 1932, the receiver applied to the court of authority to rescind said contract of lease and to deliver possession of the house to the lessor on the ground that the said contract was prejudicial to the estate, as another house could be obtained for a lower rent. The court heard the lessor on said motion, and after considering the evidence introduced, on February 19, 1932, it made an order authorizing the receiver to rescind the contract and to deliver possession of the house to its owner as soon as the same could be vacated, and in the meantime to pay $400 as monthly rent. On March 3, 1932, the lessor took an appeal from said order. Seven days afterward the bank abandoned its suit, the receivership was terminated, and the property returned to Drug Co. of Porto Rico as appears from the case of *De Jesús* v. *District Court*, 43 P.R.R. 462.

Appellant submitted to us his brief in support of his appeal requesting a reversal of the order mentioned, and the Drug Co. of Porto Rico filed an answering brief and requested that the appeal be dismissed on the grounds that the same had not been notified to it as an adverse party, and that the appeal is academic, as it does not appear from the record that the receiver has rescinded the contract of lease. At the end of the brief it is urged that the appeal be dismissed because the order appealed from is not appealable.

It was not necessary to serve notice of the appeal on the Drug Co. of Porto Rico, because the latter did not intervene in that incidental controversy within the suit but only the owner

of the house and the receiver, who as such had requested the rescission; nor could it intervene, because the property was not in its possession. Nor is the appeal academic, as its purpose is not to determine whether the receiver has rescinded the contract and returned the possession of the house to its owner, but whether the court erred in authorizing the receiver to rescind said contract. The order is appealable under subdivision 1 of section 295 of the Code of Civil Procedure, because said controversy within the original action is a special proceeding in which the lower court finally decided that the contract of appellant must be rescinded, thereby terminating the rights which the lessor had under the contract, and the obligations of the lessee. Hence, a dismissal of the appeal does not lie.

The receiver is an officer of the court that appointed him and said court can authorize him not to pay, as such receiver, certain sums owed by the Drug Co. of Porto Rico and not to pay the rent on a specified property, if it is for the benefit of the estate in his custody, but the court has no authority to order the rescission of a contract validly executed in the absence of any of the grounds for the rescission of contracts mentioned in section 1243 of the Civil Code, 1930 edition. The Supreme Court of the United States in the cases of *Quincy & Railroad Co.* v. *Humphreys,* 145 U.S. 82, and in *Southern Express Co.* v. *Western N. C. R. Co.,* 99 U. S. 191, cited in *Central Trust Co. of New York* v. *Marietta & North Georgia R. Co.,* 16 L.R.A. 90, declared that the courts may relieve a receiver from paying rent under a lease when it is convenient to the estate, but it did not declare that the courts could rescind contracts validly executed. In the first of those cases it was said, quoting from another decision, that a receiver derives his authority from the act of the court appointing him, and not from the act of the parties at whose suggestion or by whose consent he is appointed; and that the utmost effect of his appointment is to put the property from that time into his custody as an officer of the court, for the benefit

of the party ultimately proved to be entitled, but not to change the title or even the right of possession in the property. In High on Receivers (4th ed.), pages 321 and 326, it is said that a receiver does not become liable for rents of the premises held by a company under a lease; and that while a receiver is in no way bound by the contracts or covenants of the person over whose estate he is appointed, it is equally true that where a contract has been entered into by his principal and a third person, a receiver who is afterward appointed can do no act which will in any way impair the obligations of such contract. In the case of *Chemical Bank v. Hartford Deposit Co.*, 156 Ill. 522, which was affirmed by the Supreme Court of the United States under the same title in 161 U. S. 1, that bank entered into a lease with the Hartford Deposit Company of a certain building for its offices, and before said contract had expired the receiver notified the Hartford Deposit Company of his election to terminate said lease so far as he, as receiver, was concerned; and the court held that such action on the part of the receiver had no effect on the lease, as respects its validity or binding force between the lessor and the lessee, Chemical National Bank; that there was a contract in writing, existing between these parties, which fixed their obligations and determined their rights and liabilities; and that the receiver was clothed with no power to do any act which would impair the obligation of that contract.

In the instant case the receiver did not request nor did the court order him not to pay the rents because it was not convenient to the estate, which could have been done, but what he requested and the court ordered was the rescission of a validly executed contract. This, as we have seen, could not be done.

The order appealed from must be reversed and another rendered instead denying the petition of the receiver of February 2, 1932.

Mr. Justice Wolf took no part in the decision of this case.